# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHYNELL PEARSALL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-3844 |
| | : | |
| MIDLAND CREDIT MANAGEMENT, | : | |
|     Defendant. | : | |

## MEMORANDUM

**MARSTON, J.**                                                                                                   **December 1, 2021**

Plaintiff Shynell Pearsall has filed a *pro se* Complaint against Midland Credit Management. (Doc. No. 2.) Pearsall has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. No. 1.) For the following reasons, Pearsall will be granted leave to proceed *in forma pauperis,* and her Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). She will be granted leave to file an Amended Complaint.

## I.    FACTUAL ALLEGATIONS[1]

Pearsall filed a form Complaint to commence this action. (Doc. No. 2.) The form itself is mostly blank and refers to attachments to provide substance to Pearsall's claims. (*See id.*) Attached as Exhibit A to the Complaint is what appears to be a credit report prepared by Experian for Pearsall based on her Midland Credit Management account. (*See* Doc. No. 2-1 at 2.) The report reflects that account number 305354XXX is a "debt buyer" account opened on June 18, 2020, and the original creditor was Comenity Bank. (*Id.*) The "Payment Status" of the loan is reportedly as follows: "Seriously past due date/assigned to attorney, collection agency, or

---

[1] The allegations set forth in this Memorandum are taken from Pearsall's Complaint and the exhibits thereto. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

credit grantor's internal collection department." (*Id.*)  The past due amount reflected as of August 17, 2021 is $11,066.  (*Id.*)  Attached as Exhibit B to the Complaint is a business profile of Midland Credit Management Inc. prepared by the Better Business Bureau.  (*See id.* at 4–8.)  In her form Complaint, Pearsall requests recovery of compensatory, statutory, and punitive damages.  (Doc. No. 2 at 5.)

## II.     STANDARD OF REVIEW

The Court will grant Pearsall leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Pearsall is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.

*See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94.  The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." (cleaned up)).  Dismissal of *pro se* complaints under Rule 8 are "'usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

**III.   DISCUSSION**

Pearsall's form Complaint itself contains no factual allegations, and the two Exhibits attached to the Complaint do not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3.  Accordingly, the Complaint will be

dismissed for failure to state a plausible claim. Because the Court cannot state with certainty that Pearsall cannot state a plausible claim, she will be permitted to amend her Complaint.

## IV.  CONCLUSION

For the reasons stated, Pearsall's application for leave to proceed *in forma pauperis* will be granted and her Complaint dismissed without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). Pearsall will be granted leave to amend her Complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.